UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF<br>LAKE HOLDING & FINANCE S.A.,<br><br>REQUEST FOR DISCOVERY<br>PURSUANT TO 28 U.S.C. § 1782 | Civil Action No. 20-Misc. __ |

### APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

COMES NOW, Applicant, Lake Holding & Finance S.A., ("***Lake Holding***" or "***Applicant***"), by and through its undersigned counsel applies for an Order pursuant to 28 U.S.C. § 1782 to obtain discovery in the form of subpoenas to be served on certain banks. In support this Application, Lake Holding respectfully submits the supporting Memorandum of Law, along with the Declarations of Vladimir Melnichenko ("***Melnichenko Decl.***"), George Benaur ("***Benaur Decl.***") and Chrysotomos Nicolaou ("***Nicolaou Decl***."), and all exhibits thereto. Lake Holding is providing notice today by email to counsel for Defendants in the Foreign Proceedings (each is defined below), as well as ongoing proceedings against certain Defendants in Florida (as discussed in the Benaur Decl.), including Christopher Carver, Esq., Naim Suegeon, Esq., Erica Gomer, Esq. at Ackerman LLP and Gregory Krasotsky, Esq. (counsel in Florida from Defendant Mikhail Belyak). Counsel in the Foreign Proceedings to whom notice has been given are Stelios Ieronymides & Associates LLC (Cyprus counsel for BTR Build To Rent Group Limited), Stelios Ieronymides & Associates LLC and Katsis LLC (Cyprus counsel for Defendants Belyak, Anastasia Belyak ), Katsis LLC (Cyprus counsel for Defendant Igor Rempel and Sergey Beyu, Esq. (Russian Counsel for Defendants BTR Build To Rent Group Limited, Belyak and Igor

Rempel).  Notice has also been given by email to Garri Rempel at or care of various listed email addresses.  Full details are set forth in the Declaration of Service, also filed herewith.

The banks from which discovery is sought hereunder are: UBS AG; Societe Generale / SG Private Bank; Banque Lombard Odier & Cie AG (aka Lambert Odier Darier Hentsch & Cie); CIM Banque SA; Kookmin Bank (Korea); Credit Suisse; PJSC Sberbank; Bank of America, N.A.; Citibank, N.A.; Merrill Lynch Capital Corporation; Union Bancaire Privee CBI-TDB, Geneva; and BSI SA, Lugano, Switzerland (collectively, the "***Banks***").  The discovery is sought with respect to documents located in the United States and in this Judicial District for use in the following pending and contemplated foreign proceeding(s) (the "***Foreign Proceedings***"):

(i) Lake Holding's pending judgment recognition and enforcement proceedings in Cyprus which include orders protecting (a) the assets of Respondents BTR Group ("***BTR***"), Mikhail Belyak ("***Belyak***"), Igor Rempel ("***Rempel***"), Anastasia Belyak ("***Anastasia***"), Garri Rempel ("***Garri***"), and the Cyprus-based Respondents (collectively, the "**Defendants**") (who are named for the purpose of safeguarding assets and records, for discovery purposes and for asset tracing orders[1], into the hands of persons and entities other than BTR, Belyak and Rempel)[2] and/or (b) the assets of any person or entity holding them on behalf of BTR, Belyak and Rempel[3], to enforce the Moscow Court Judgments, listed in the

---

[1] Including the adjudication of disputes concerning title and/or beneficial ownership as well as *in personam* jurisdiction, fraudulent transfers and *alter ego* liability.

[2] The Cyprus-based Respondents include Elianos Holdings Limited ("**Elianos**"), Moonsky Limited ("**Moonsky**"), Pacato Limited ("**Pacato**"), Eneroc Enterprises Limited ("**Eneroc**"), Ipirex Capital Limited ("**Ipirex**"), Plantrust Services Limited, Plantrust Secretarial Limited, TFME Limited, Trident Trust Company (Cyprus) Limited, M.P. Multi-Count Services Limited, S.I. Cylawservice (Nominees) Limited, Nicos Hadjinicolaou, Stelios Ieronimides and Artemis Stylianou.

[3] Lake Holding has asserted that Elianos, Moonsky, Pacato, Eneroc and Ipirex are owned and controlled by Belyak and Rempel and, on the *ex parte* described in the evidence herein, the Cyprus court made freezing and document preservation orders covering these companies and the other parties listed in footnote 2 above.  The use of corporate entities and physical persons is further set out in Melnichenko Decl., ¶28 and Exh. 11.

           Melnichenko Declaration (collectively, the "***Judgments***") in favor of Lake Holding and against BTR, Belyak and Rempel;

(ii)     attachment and garnishment proceedings in Cyprus, France, Monaco or any other jurisdiction in which Defendants' assets may be located; and

(iii)    the Cyprus, French and Monegasque proceedings, and any other potential proceedings, which require adjudication of ownership issues related to assets, *in personam* jurisdiction, fraudulent transfers and *alter ego* liability.

           As set forth in the supporting Declarations of Vladimir Melnichenko and George Benaur[4], Defendants have set up a complex scheme of companies across different jurisdictions that include the U.S., BVI, Cyprus, France, Monaco, Russia, Belize and potentially other places, and have created a series of complex mosaics and ownership structures that need to be unraveled through international discovery;

(iv)    because the Cyprus court has already issued Interim Freezing Orders (*see* Benaur Decl., Exhibit J, Melnichenko Decl. Exhibit 3, Nicolaou Decl., Exhibit 2), which apply worldwide against Defendants, the requested discovery is also needed to determine whether the Defendants have complied with such orders, or as suspected, they have not;

(v)     additional contemplated litigation against Anastasia, Margarita Belyak ("***Margarita***"), Garri and others[5] who assisted the judgment debtors in their fraudulent schemes and likely conversions (*see* Melnichenko Decl., ¶ 10);

---

[4] Filed in the Florida case no 2019 – 35660 – CA – 1 and exhibited to the Benaur and Melnichenko Declarations herein respectively. For purposes of brevity, the exhibits and orders attached to the Melnichenko and Benaur MTD Declarations are not being attached to this application but shall be provided upon request.

[5] Such as Artem Eranov (aka Yeranov) ("**Eranov**"), Dmitry Kim ("**Kim**") and Grigoriy Kochergin ("**Kochergin**"), Tamara Nikulina ("**Ms Nikulina**") and Yulia Rempel (aka Shvartsman) ("**Yulia**") – as well as, for example,

(vi) further potential asset tracing litigation[6] in Switzerland consequent upon the disclosures of account information made by, for example, UBS (as defined below) and Credit Suisse; and

(vii) further proceedings in Russia, principally claims for interest on the debts, as set forth in the Melnichenko Decl, ¶23.

Requests for transfer records from intermediary banks are routine and rarely opposed by such banks. In previous cases seeking similar discovery from intermediary banks under § 1782, the Court noted that "New York Banks routinely receive and comply with similar subpoenas issued pursuant to 28 U.S.C. §1782. In response . . . the Banks have searched their electronic transaction databases for the relevant terms timely provided counsel with sample electronic spreadsheets listing the basic information relating to any wire transfers that satisfy the search parameters." *In re Application of Hornbeam Copr.*, 2014 WL 8775453, *1 (S.D.N.Y. Dec. 24, 2014).

In this application, Lake Holding seeks discovery from the Banks (primarily but not entirely banks which acted as intermediary or correspondent banks) located in this district through or from which funds have been transferred by Defendants and their controlled companies from the date the Lake Holding made the first loan to the date hereof. The discovery will assist in determining the use of the Lake Holding's loan proceeds and the potential diversion of the security and repayment funds that were to have been used to repay the Lake Holding's loans, as well as any fraudulent transfers made when the loans were in default. The Foreign

---

corporate entities listed in the Memorandum of Law, and further discussed in the Melnichenko Declaration, as **"Related Parties"**.

[6] Including the adjudication of disputes concerning title and/or beneficial ownership as well as *in personam* jurisdiction, fraudulent transfers and alter ego liability.

Proceedings are on-going and the discovery sought here is for use in those proceedings and other foreign actions Lake Holding anticipates will be brought. These matters are explained in detail in the Nicolaou and Melnichenko Declarations, as well as the supporting Memorandum of Law.

Specifically, the subpoenas to the Banks seek:

1. Copies of any orders, instructions or wire transfers received from any person or entity (including but not limited to, any payor/transferor bank to a payee/transferee bank) for the benefit or credit of, or with any reference to any of the following entities and persons (hereinafter, the "**Transferees**"):

- Mikhail Belyak
- Anastasia Belyak
- Igor Rempel
- Garri Rempel
- BTR Build To Rent Group Limited
- Related Party or Related Parties
- Cyprus-based Respondents or Respondents

  in which the Bank has acted as either as direct transfer bank or as the intermediary or correspondent bank, together with any electronic and/or paper records thereof for the period beginning January 1, 2012 to the present.

2. Copies of any other documents in the possession of the Bank relating to the Transferees, including all documents to be produced pursuant to the annexed Order Granting Lake Holding's Section 1782 Application.

The application meets the statutory requirements for discovery set forth in Section 1782. *First*, the parties from which discovery is sought, the Banks, are present within the Southern District of New York. *See* Benaur Decl. *Second*, the documents requested are "for use" in the ongoing Foreign Proceedings and contemplated foreign Future Actions which the Applicant intends to bring against transferees of the funds. *See* Nicolaou and Melnichenko Decls. *Third*, as a party in the ongoing and contemplated foreign actions, Applicant qualifies as an "interested person" under Section 1782. *See id.*

Further, the four discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) weigh in favor of granting Applicant's application. A detailed discussion of these factors and the basis for satisfying the *Intel* criteria is presented in the accompanying Benaur Declaration, Melnichenko Declaration and Nicolaou Declarations, together with exhibits thereto, and the Memorandum of Law submitted with this Application. In summary, the Banks are not parties to the foreign actions, there is no restriction on the use of this discovery in the foreign actions, the Applicant is not circumventing any proof gathering motivation in Cyprus and the discovery requested is narrowly tailored to highly relevant document easily assembled and routinely supplied by intermediary banks.

Accordingly, for the reasons set forth in this Application, the supporting declarations and the Memorandum of Law submitted contemporaneously with this Application, Applicant respectfully requests that the Court grant it permission to serve the Banks with a respective subpoena substantially in the form of the subpoena attached to the Benaur Declaration as Exhibit L. A form of the proposed Order granting the requested discovery is attached hereto as Exhibit 1.

Dated: December 2, 2020
      New York, New York

                                       Respectfully submitted,
                                       **BENAUR LAW LLC**

                                       (www.benaurlaw.com)
                                       George Benaur (GB1224)
                                       43 W 43rd STREET, Suite 225
                                       New York, New York 10036
                                       Cell: (609) 216-6105
                                       Email: george@benaurlaw.com
                                       *Attorneys for Plaintiff*
                                       *LAKE HOLDING & FINANCE S.A.*