UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF
LAKE HOLDING & FINANCE S.A.,

REQUEST FOR DISCOVERY
PURSUANT TO 28 U.S.C. § 1782

Civil Action No. 20-Misc. __

**[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. $ 1782**

This matter comes before the Court by an *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 (the "***Application***") filed by Lake Holding & Finance S.A. ("***Lake Holding***"). Having reviewed the Application, Lake Holding's Memorandum of Law, the Declaration of Vladimir Melnichenko, dated December 1, 2020 and exhibits thereto, the Declaration of George Benaur, dated December 1, 2020, and the Declaration of Chrysostomos Nicolaou, dated November 29, 2020, the Court is satisfied that the production of documentation is warranted pursuant to 28 U.S.C. § 1782, and the Court hereby ORDERS as follows:

1. The Application is GRANTED.

2. Lake Holding is authorized to issue and serve subpoenas on UBS AG; Societe Generale / SG Private Bank; Banque Lombard Odier & Cie AG (aka Lambert Odier Darier Hentsch & Cie); CIM Banque SA; Kookmin Bank (Korea); Credit Suisse; PJSC Sberbank; Bank of America, N.A.; Citibank, N.A.; Merrill Lynch Capital Corporation; Union Bancaire Privee CBI-TDB, Geneva and BSI SA, Lugano, Switzerland (collectively, the "***Bank*s**"), for the production of the following documents:

a) Copies of any orders, instructions or wire transfers received from a payor/transferor bank to a payee/transferee bank for the benefit or credit of, or with any reference to Respondents BTR Build To Rent Group Limited ("**BTR**"), Mikhail Belyak ("**Belyak**"), Igor Rempel ("**Rempel**"), Anastasia Belyak ("**Anastasia**"), Garri Rempel ("**Garri**"), and the Cyprus-based Respondents[1] (collectively, the "**Defendants**") for the period January 1, 2012 to present.

b) Copies of any orders, instructions or wire transfers received from a payor/transferor bank to a payee/transferee bank for the benefit or credit of, or with any reference to any of the following Related Parties (as further described in Lake Holding's Memorandum of Law) for the period January 1, 2012 to present: Artem Eranov (aka Yeranov), Dmitry Kim and Grigoriy Kochergin, Tamara Nikulina, Yulia Rempel (aka Shvartsman), Antrim Partners Inc (Seychelles), Artego Holdings Limited (BVI), Belleview United Corp (BVI), Bervist Enterprises Limited (Belize), Carmen Management Limited (BVI), Clevedon Management Limited (BVI), Kendalmac Services Limited (BVI), Omega Trading Group Corp (Belize), Sharleen Global Intertrade Inc (BVI), Terton Alliance Limited (BVI), Watson Invest & Finance Limited (BVI), Margarita, Larisa Rempel, Callison Developments Limited (BVI), Rayvin Enterprises Limited (BVI), Pelotas Services Limited (Cyprus), Opcan Limited (Cyprus), Sargent Alliance Limited (BVI) Stretkato Trading Limited (Cyprus), Subgreen Operations Limited (Cyprus), Watson Invest & Finance Limited (BVI),

---

[1] The Cyprus-based Respondents include Elianos Holdings Limited ("**Elianos**"), Moonsky Limited ("**Moonsky**"), Pacato Limited ("**Pacato**"), Eneroc Enterprises Limited ("**Eneroc**"), Ipirex Capital Limited ("**Ipirex**"), Plantrust Services Limited, Plantrust Secretarial Limited, TFME Limited, Trident Trust Company (Cyprus) Limited, M.P. Multi-Count Services Limited, S.I. Cylawservice (Nominees) Limited, Nicos Hadjinicolaou, Stelios Ieronimides and Artemis Stylianou.

    Prosperity LLC, Mytischi Plaza LLC, Mytischi Plaza Development LLC, Baltia Mall LLC and Krasnogorsk Development LLC (the last five all being Russian).

  c) For the period beginning January 1, 2012 to the present, identify any bank accounts in the name of and/or held beneficially for the above-referenced Defendants and the Related Parties, and provide the full records thereof, specifically including copies of present and historical account balance information, and records of incoming and outgoing payments.

3. For the period beginning January 1, 2012 to the present, identify any accounts, loans, lines of credit or other funding arrangements to any of the above Defendants and the Related Parties.

4. The Banks shall produce the documents requested in their respective subpoenas within twenty-one (21) days of service of the subpoena and as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York.

5. Until further Order by this Court, the Banks shall preserve documents and evidence, electronic or otherwise, in their possession, custody or control that contain information potentially relevant to the subject matter of Lake Holding's document request as listed in this Order.

6. The Court shall retain jurisdiction over the matter for the purpose of enforcing this Order and assessing any supplemental request for discovery assistance that may be requested by Applicant.

7. A copy of this Order shall be served with each discovery demand.

SO ORDERED.

New York, New York

Dated: December__, 2020

                                              _____
                                              UNITED STATES DISTRICT JUDGE