UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF<br>LAKE HOLDING & FINANCE S.A.,<br><br>REQUEST FOR DISCOVERY<br>PURSUANT TO 28 U.S.C. § 1782 | Civil Action No. 20-Misc. 00652 |

## DECLARATION OF GEORGE BENAUR IN SUPPORT OF
## APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

I, George Benaur, declare as follows:

1.  I am the managing member of the law firm of Benaur Law LLC, counsel for Lake Holding & Finance S.A ("**Lake Holding**"), and I am duly admitted to practice before the United States District Court for the Southern District of New York.

2.  I respectfully submit this declaration in support of Lake Holding's application for discovery pursuant to 28 U.S.C. § 1782.  The discovery sought is from Respondents in the proceedings pending before the District Court of Nicosia, namely Respondents BTR Build To Rent Group Limited ("**BTR**"), Mikhail Belyak (**"Belyak"**), Igor Rempel (**"Rempel"**), Anastasia Belyak (**"Anastasia"**), Garri Rempel (**"Garri"**), and the Cyprus-based Respondents[1] (collectively, the "**Defendants**"), as further discussed in the supporting declaration of Chrysostomos Nicolaou ("**Nicolaou Decl.**") and declaration of Vladimir Melnichenko

---

[1] The Cyprus-based Respondents include Elianos Holdings Limited (**"Elianos"**), Moonsky Limited (**"Moonsky"**), Pacato Limited (**"Pacato"**), Eneroc Enterprises Limited (**"Eneroc"**), Ipirex Capital Limited (**"Ipirex"**), Plantrust Services Limited, Plantrust Secretarial Limited, TFME Limited, Trident Trust Company (Cyprus) Limited, M.P. Multi-Count Services Limited, S.I. Cylawservice (Nominees) Limited, Nicos Hadjinicolaou, Stelios Ieronimides and Artemis Stylianou.

("**Melnichenko Decl.**"), and Related Parties (as that term is defined in the supporting Memorandum of Law).

3.  To the best of my knowledge, information, and belief, based on my investigation of the facts surrounding this dispute and of the entities and individuals, the following entities from which discovery is sought (collectively, the "**Banks**") either reside or are found in the Southern District of New York: UBS AG; Societe Generale / SG Private Bank; Banque Lombard Odier & Cie AG (aka Lambert Odier Darier Hentsch & Cie); CIM Banque SA; Kookmin Bank (Korea); Credit Suisse; PJSC Sberbank; Bank of America, N.A.; Merrill Lynch Capital Corporation and Citibank, N.A.; Union Bancaire Privee CBI-TDB, Geneva and BSI SA, Lugano, Switzerland.[2]  Based on my review of documentary evidence, including records produced in the Florida litigations (cited below) and the evidence set forth in the Melnichenko Declaration, each of these Banks is known to have carried out fund transfers on behalf of, and/or to have other connections with, the Defendants and/or the Related Parties.

4.  With respect to the foregoing Banks, responses to past subpoenas I have served and in my experience have seen served on the Banks typically have produced the types of records sought in this proceeding, without objection, as early as two weeks after receipt of the subpoena. Indeed, certain limited bank records were already been produced in the Florida litigations in the beginning of discovery in the past month, as further detailed below.

**Pending Florida State Litigations Against Mikhail Belyak, Anastasia Belyak and Margarita Belyak and Certain Belyak Companies in Florida**

5.  On November 7, 2019, Lake Holding commenced an action in the U.S. District Court, Southern District of Florida (Case No. 19-cv-24629-PCH) asserting claims against

---

[2] Information on Union Bancaire and BSI SA, Lugano, Switzerland was just received today (see Exhibit N). I am still investigating whether BSI SA has a presence in New York.

2

Defendants Mikhail Belyak, together with his wife Margarita and daughter Anastasia, and certain companies that they formed in Florida (MFCVSSAR, LP, MB Wall LLC, MB PDT 1901 LLC), for judgment recognition under Florida's Foreign Money Judgments Recognitions Act, fraud, fraudulent and other related claims. Once challenged on the basis of subject matter jurisdiction by the Belyak defendants (who filed declarations averring not to be residents in Florida), the federal court action was withdrawn and two cases were refiled in Florida state court in late November and early December 2019.

6.      In the first Florida state court action (Case No. 2019-035235-CA-01), Lake Holding filed certain judgments that Lake Holding obtained in Moscow, Russia against Mikhail Belyak for domestication under Fla. Stat. 55, Foreign Money Judgment Recognitions Act (the "**Domestication Action**"). In the second state court action (Case No. 2019-035660-CA-01 (44)), Lake Holding asserts claims for fraudulent transfer, alter ego liability, unjust enrichment and related civil claims against Mikhail, Anastasia and Margarita Belyak, and certain companies that they own in Florida, through which they collectively purchased over $22 million in real estate in Florida in 2015 and 2016 (the "**Fraudulent Transfer Action**"). *See* **Exhibit A** hereto (Amended and Supplemental Complaint).

7.      On October 6, 2020, the Florida state court entered Final Judgment against Mikhail Belyak in the Domestication Action in the total amount of $36,140,573.95. *See* **Exhibit B.** The Fraudulent Transfer Action is currently proceeding in state court, and Defendants are asserting lack of jurisdiction and forum non conveniens defenses, among others, in their motions to dismiss. The parties are scheduled to argue over various cross-motions on December 11, 2020. My Declaration in the Fraudulent Transfer Action in opposition to the Defendants' Motions to Dismiss (the "**Benaur MTD Declaration**") is attached as **Exhibit C** (without exhibits, save for

the orders for disclosure of documents made in the BVI, Canada and Belize, Exhibits O, P and Q and ¶¶ 21, 23 and 24). A copy of the text only of the Declaration of Vladimir Vasilyevich Melnichenko, the sole owner of Lake Holding, in opposition to the Defendants' Motions to Dismiss (the "**Melnichenko MTD Declaration**") is attached to his declaration as **Exhibit 1**.

8. To date, Lake Holding has not pursued any claims in the United States against BTR or Igor Rempel or any of the other Defendants cited above due to lack of sufficient evidence, at present, to successfully establish personal jurisdiction, thereby, in part, necessitating this application. *See also*, Melnichenko Decl. ¶ 32.

9. In the Judgment Enforcement matter, in the past month, Lake Holding has begun to receive documents in response to various subpoenas served in Florida. The documents provide damning evidence against defendant Mikhail Belyak. Specifically, newly discovered documents show that Belyak *personally* entered into a purchase agreement to buy commercial real estate properties in Florida for over $15 million, *personally* paid deposits for the properties of close to $4 million, and then transferred these properties to specially set up limited liability companies owned by his wife and daughter. These transfers were made in the same year, i.e. 2016, when the litigation against him (that led to the $36.1 million judgment against him) commenced in Russia. These documents also show that the money sent to the US for the purpose of the transactions was in U.S. dollars and Bank of America was among the banks used for the transfers. These documents set forth a prima facie case of fraudulent transfers with respect to over $15 million in real estate in Florida in 2015 and 2016, and annexed hereto as **Exhibit E** is a demonstrative chart (as presented to the Florida state court at the November 16, 2020 hearing) summarizing the evidence gathered establishing this fact. Attached as **Exhibit D** is my declaration filed in both actions in Florida on November 30, 2020. In sum, the

declarations presents close to 500 pages of documents evidencing the following as stated in the declaration on pages 2-3:

> **"The documents presented herewith confirm ALL the allegations in Lake Holding's Amended and Supplemental Complaint and Motion for Proceedings Supplementary. There is little question from this IRREFUTABLE, VERIFIED DOCUMENTARY EVIDENCE that Mikhail Belyak PERSONALLY entered into over $22 Million of real estate purchases in 2015 and 2016, all after he defaulted on his guaranty obligations to Lake Holding, within a year of the litigation being filed in Russia (see Exhibit S) and with full knowledge of his guaranty repayment obligations. There is also no question that he transferred these properties and agreements to his wife and daughter's companies in Florida, also in 2015-2016. The documents show that Belyak used offshore accounts with BVI companies Sargent Alliance Ltd and Carmen Management Ltd (see BoA and American Title documents annexed as Exhibit N and O, as well as Exhibit C) to make transfers of at least $6.7 million for the Porsche Design Tower Miami purchase in 2016, and personally paid deposits, through Andrew Tarr's trust account, for the Walgreens Property purchase, also in 2016 (see Exhibit L). THESE DOCUMENTS SET FORTH NOT ONLY A PRIMA FACIE CASE OF FRAUDULENT TRANSFERS BUT THEY ESTABLISH THE DEFENDANTS' LIES TO THIS COURT, AS WELL AS RAISE QUESTIONS ABOUT LEGAL COMPLIANCE FOR THE BELYAKS. THERE IS LITTLE QUESTION THAT PROCEEDINGS SUPPLEMENTARY ARE MORE THAN JUSTIFIED AND DISCOVERY MUST PROCEED. I respectfully submit that this Court should consolidate the cases and set a trial date on all the claims set forth in the Amended and Supplemental Complaint and the Motion for Proceedings Supplementary. Moreover, there is ample evidence for the Court to impose a constructive trust over the CVS, Walgreens, Porsche Design Tower, and Ritz Carlton properties based on the actions of Belyak, his wife, daughter, and related corporate entities."**

10. New evidence was also obtained recently in Florida showing that debtor Mikhail Belyak used two offshore companies – Sargent Alliance Ltd and Carmen Management Ltd (both Related Parties from which discovery is sought in this application) – to transfer close to $7 million in 2013 and 2016 to pay for an apartment at the Porsche Design Tower Miami. *See* **Exhibit F** (accounts at Citibank and BoA, respectively, used to fund Belyak's purchases – the total in 2015 and 2 coming to about $22 million). The trust account of his Florida attorney, Andrew Tarr, Esq., at Citibank was used to make payments for the deposits for other properties,

as well as to collect rent (at least $35,000 per month) from Walgreens, since 2016. *See id.* (raising questions regarding legal compliance with reporting obligations, as well as regarding where these funds are distributed).

11. A recent document production from One Bal Harbor Condominium Association, Inc., produced on November 2, 2020, revealed evidence that Mr. Belyak and his wife's Margarita's claims about *not* having residency at their Ritz Carlton Miami, Florida apartment have been false throughout the Florida litigation – both in Florida Federal and State Courts. They have repeatedly lied to the Court in this regard and are *both* listed as **residents** at this apartment. *See* **Exhibit G**. Belyak's Rolls Royce is still registered at the Ritz Carlton Miami and he had dry cleaning delivered for himself earlier this year. Overall, his utter disregard for the Florida Court and lies shall be addressed in much greater detail at the upcoming December 11, 2020 hearing in Miami, but are being summarized here as background.

12. On October 29, 2020, the seller of the Porsche Design Tower Miami apartment produced documents showing that Mr. Belyak has lied about not conducting business in Florida or having personal assets here. Specifically, from documents produced on or about October 29, 2020, it is now known that Mr. Belyak *personally* entered into the purchase and sale agreement for this apartment, and paid **$3.3 million** as a deposit *personally*. *See* **Exhibit H**, Excerpts from PSA and letter from First American Title Insurance Company, dated March 25, 2016. On December 14, 2016, **two days after the litigation was filed against him in Russia, which now has led to the Final Judgment entered by the Florida Court,** Mr. Belyak "assigned" this purchase agreement to his wife and daughter's company MB PDT 1901 LLC. *See* **Exhibit H**, Assignment agreement, dated December 14, 2016.

13. The same is true with regard to the purchase of the $8.2 million commercial property in Osceola County in 2016, which is currently leased to Walgreens (see lease payment history and trust account deposit payments presented in **Exhibit E and F**). The sale agreement for this Walgreens property, as was also recently discovered in response to subpoenas served in Florida, was also originally entered into by Mr. Belyak *personally*. *See* **Exhibit J**, Excerpts from PSA, dated February 4, 2016. Mr. Belyak paid the deposit (see also **Exhibit F** (trust ledger from seller's attorneys showing payments through Belyak's attorney trust account for the deposits in Feb 2016) and then similarly "assigned" this property, on or about the same time as the closing, in March 2016, to MB Wall LLC, a new entity set up with his wife and daughter as managers. His attorney is now collecting and presumably distributing the rent (**Exhibit F**) since 2016.

14. Although Lake Holding anticipates obtaining additional disclosures as part of the Florida state court litigations, as it affects the Belyak defendants, this current s.1782 application is required in order to obtain

(a) disclosures with respect to each of the Defendants who are not parties in any Florida litigations, as well as the Related Parties (as defined in the Memorandum of Law filed herewith and as further discussed in the accompanying Melnichenko Declaration); and

(b) disclosures in respect of dealings of the Defendants other than those relating to the four known Florida properties, whether in Florida or elsewhere.

15. An English translation of Interim Freezing Order entered by the Cypriot Court is annexed as **Exhibit K**[3]. For a detailed discussion of this Order, the proceedings in Cyprus, and the subsequent gagging and disclosure orders made in BVI and Belize (*see id.*) I refer to the Benaur MTD Declaration as well as the Nicolau Declaration filed herewith.

---

[3] The Nicolaou Decl. exhibits English translations of the three applications and the three Interim Freezing Orders.

16. Attached as **Exhibit L** are draft document requests that Lake Holding wishes to include with each of the subpoenas to the Banks.

17. Attached as **Exhibit M** are the court decisions reached in the following cases:

   a. *In re Application of Galaxy Energy and Resources Co. Pte Ltd.,* Civil Action No. 19-MC-287-LTS (SDNY 2019)
   b. *In re Ex Parte Application of Tiberius Group AG, 19-MC-467 (SDNY 2020),*
   c. *Christof Pfaff v. Deutsche Bank AG, 20-MC-25 (SDNY 2020),*

18. Attached as **Exhibit N** are true and correct screenshots of an excel file titled "WIRES" produced by Bank of America in response to the subpoena served on the bank in the Florida Domestication Action, received and taken on December 2, 2020.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 2, 2020

New York, New York

Respectfully Submitted,

_____

George Benaur, Esq.