UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- x
IN RE APPLICATION OF             :
LAKE HOLDING & FINANCE S.A.,   :     Civil Action No. 1:20-mc-00652-RA
                                        :
                                        :     Hon. Ronnie Abrams
                                        :
REQUEST FOR DISCOVERY       :
PURSUANT TO 28 U.S.C. § 1782,   :
                                        :
-------------------------------------------------- x

### IGOR REMPEL, GARRI REMPEL, YULIA REMPEL AND LARISA REMPEL'S MOTION TO INTERVENE AND INCORPORATED MEMORANDUM OF LAW

**RUBIN, FIORELLA FRIEDMAN &
MECANTE LLP**

BY: /s/ *Michael Stern*
Michael E. Stern, Esq.
630 Third Ave., 3rd Floor
New York, NY 10017
Phone: 212.953.2381
Email: mstern@rubinfiorella.com

*Attorneys for the Rempel Parties*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ........................................................................................................ 1

I.      Each Of The Rempel Parties Has a Right to Intervene Under Rule 24(a) ........................ 3

    1.      The Motion Is Timely ............................................................................ 4

    2.      Each Of The Rempel Parties Has A Direct Interest In This Proceeding ............... 4

    3.      Each Of The Rempel Parties' Interests Will Be Impaired Absent Intervention ........................................................................................ 6

    4.      The Interests Of None Of The Rempel Parties Are Adequately Represented By Any Of The Potential Subpoena Targets Or Anyone Else .......... 7

II.     The Court Should Permit Each of The Rempel Parties To Intervene Pursuant to Rule 24(b) ............................................................................................................ 7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arista Records, Inc. v. Dalaba Color Copy Ctr., Inc.*,
   2007 WL 749737 (E.D.N.Y. 2007) ...................................................................................4

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*,
   262 F.R.D. 348 (S.D.N.Y. 2009) .....................................................................................3

*Bay Casino, LLC v. M/V Royal Empress*,
   199 F.R.D. 464 (E.D.N.Y. 1999) .....................................................................................3

*Berroyer v. United States*,
   282 F.R.D. 299 (E.D.N.Y. 2012) .....................................................................................3

*Comer v. Cisneros*,
   37 F.3d 775 (2d Cir. 1994) ...............................................................................................8

*EEOC v. Rekrem, Inc.*,
   199 F.R.D. 526 (S.D.N.Y. 2001) .....................................................................................4

*Euromepa, S.A. v. R. Esmerian, Inc.*,
   154 F.3d 24 (2d Cir. 1998) ...............................................................................................1

*First Keystone Consultants, Inc. v Schlesinger Elec. Contractors, Inc.*,
   862 F Supp 2d 170 (EDNY 2012) ...........................................................................1, 2, 8

*Gov't of Ghana v. ProEnergy Servs., LLC*,
   2011 WL 2652755 (W.D. Mo. 2011) ...............................................................................6

*Granny Goose Inc. v. Teamsters*,
   415 U.S. 423 (1974) ..........................................................................................................7

*In re Application of the Coalition to Protect Clifton Bay*,
   2014 WL 5454823 (S.D.N.Y. 2014) ................................................................................8

*In re Grupo Unidos por El Canal S.A.*,
   No. 14-mc-80277-JST, 2015 WL 1815251 (N.D. Ca. 2015) ..........................................8

*In re Gushlak*,
   2011 WL 3651268 (E.D.N.Y. 2011) *aff'd sub nom. Gushlak v. Gushlak*,
   486 F. App'x 215 (2d Cir. 2012) ......................................................................................8

*In re Letter of Request from Crown Prosecution Serv. of United Kingdom*,
   870 F.2d 686, 689 (D.C. Cir. 1989) .................................................................................6

*In re Merck & Co., Inc.*,
  F.R.D. 267, 271 (M.D.N.C. 2000) ...................................................................................7

*Kuwait Inv. Auth. v. Sarrio S.A. (In re Sarrio, S.A.)*,
  119 F.3d 143, 148 (2d Cir. 1997)...................................................................................6

*Lake Holding & Finance, S.A. v. Mikhail Borisovich Belyak*,
  Case No. 19-35235-CA-01 944, (11th Jud. Cir. Miami-Dade County, Fla.)........................1, 2

*Lake Holding & Finance, S.A. v. Mikhail Borisovich Belyak, Mikhail Borisovich Belyak,
  Margarita Beliak, Anastasia Belyak,  MB Wall LLC, MB PDT 1901 LLC,
  MFCVSSAR, LLP, and  FCVSSAR, GP*,
  Case No. 19-35660-CA-01 944 .......................................................................................2

*Matthews v. Eldrigde*,
  424 U.S. 319 (1976).......................................................................................................6

*Mikhail Borisovich Belyak v. Lake Holding & Finance, S.A.*,
  No. 3D20-1013 ...............................................................................................................2

*Mortgage Lenders Network, Inc. v. Rosenblum*,
  218 F.R.D. 381 (E.D.N.Y. 2003) ....................................................................................4

*Reich v. ABC/York-Estes Corp.*,
  64 F.3d 316 (7th Cir.1995) .............................................................................................3

*Restor-A-Dent Dental Lab., Inc. v. Certified Alloy Prods., Inc.*,
  725 F.2d 871 (2d Cir.1984)............................................................................................3

*Southwest Center for Biological Diversity v. Berg*,
  268 F.3d 810 (9th Cir. 2001) ..........................................................................................3

*Trbovich v. UMW*,
  404 U.S. 528 (1972).......................................................................................................7

*United States v. Minker*,
  350 U.S. 179 (1956)........................................................................................................6

*United States v. New York*,
  820 F.2d 554 (2d Cir.1987)............................................................................................3

**Statutes**

28 U.S.C. § 1782............................................................................................... passim

**Rules**

Fed. R. Civ. P. 24 ...........................................................................................................1, 3

iii

Fed. R. Civ. P. 24(a) ..............................................................................................3, 8

Fed. R. Civ. P. 24(a)(2) .........................................................................................3, 4

Fed. R. Civ. P. 24(b) .............................................................................................7, 8

Fed. R. Civ. P. 24(b)(1)(B) .......................................................................................8

Fed. R. Civ. P. 26 ......................................................................................................8

Fed. R. Civ. P. 45 ......................................................................................................8

Local Civil Rule 6.1(d) .............................................................................................7

4828-7239-9322, v. 1

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Igor Rempel, Garri Rempel, Yulia Rempel and Larisa Rempel (the "***Rempel Parties***") respectfully request leave to intervene in the instant proceeding and submit this Memorandum of Law in support of their Motion to Intervene.[1]

## INTRODUCTION

Applicant Lake Holding & Finance, S.A. ("***Lake Holding***" or the "***Applicant Lake Holding***") has framed this action as a simple application pursuant to 28 U.S.C. § 1782 seeking the assistance of this Court in connection with a number of foreign collection proceedings pending in Cyprus, France, and Monaco, and potential collection proceedings elsewhere.  *See* 1782 In re. Application of Lake Holding & Finance, S.A. Request for Discovery Pursuant to 28 U.S.C. § 1782 (hereinafter, the "***Section 1782 Application***") at 13.  However, this action is a far cry from a simple §1782 request.

*First*, there is no "adjudicative" proceeding pending in any of the referenced foreign jurisdictions.  The referenced foreign proceedings are post-judgment garnishment and enforcement actions that seek the enforcement of a number of judgments entered by a Moscow court in favor of Lake Holding and against Mikhail Belyak, a Russian citizen and Moscow resident (the "***Moscow Judgments***").  *See* Section 1782 Application at 1. Certain of the Moscow Judgments are against Igor Rempel (also a Russian citizen) as guarantor of debts of BTR Build to Rent Group Limited (Cyprus). As the Second Circuit has made clear, such proceedings are not adjudicative in nature and cannot be the basis of a Section 1782 application.  *See Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 28 (2d Cir. 1998).

---

[1] None of the Rempel Parties is subject to personal jurisdiction in the United States and nothing in this Motion to Intervene shall be construed as a waiver of the personal jurisdiction objections that each of the Rempel Parties may assert in this action or in any other court in the United States.

*Second*, these Moscow Judgments are the subject of <u>two</u> pending Florida state court proceedings brought by Lake Holding over one year before Lake Holding initiated this proceeding, one of which has given rise to a pending Florida appellate court proceeding. The Florida state court proceedings were <u>not</u> brought against and do involve the Rempel Parties, but were brought against Mikhail Belyak, Anastasia Belyak and Margarita Beliak (the "Belyak Parties"), who have previously moved to intervene. The Rempel Parties understand that the Belyak Parties have indicated it their submissions that at issue in those proceedings is allegations of fraud by Lake Holding in the recognition process.  In other words, the issue of whether the Moscow Judgments that are the subject of the foreign garnishment and enforcement actions referenced in the Section 1782 Application can be recognized as being litigated in the Florida court system. *See Lake Holding & Finance, S.A. v. Mikhail Borisovich Belyak, Mikhail Borisovich Belyak, Margarita Beliak, Anastasia Belyak, MB Wall LLC, MB PDT 1901 LLC, MFCVSSAR, LLP, and MFCVSSAR, GP*, Case No. 19-35660-CA-01 944, Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (initiated November 27, 2019); *Lake Holding & Finance, S.A. v. Mikhail Borisovich Belyak*, Case No. 19-35235-CA-01 944, Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (initiated December 4, 2019).

The pendency of these prior parallel state court actions resulting of Florida filings by Lake Holding over a year ago raises a number of jurisdictional and federalism issues that must be addressed before the requested § 1782 discovery is allowed.  *See First Keystone Consultants, Inc. v Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 181 (E.D.N.Y. 2012) ("*Colorado River* abstention is appropriate in limited situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts.") (internal quotation marks and citation omitted).

2

As shown below, each of the Rempel Parties satisfies all the requirements of Rule 24 for intervention and should be granted leave to intervene and to file a memorandum of law in opposition to the Section 1782 Application addressing these legal issues.

## I.    EACH OF THE REMPEL PARTIES HAS A RIGHT TO INTERVENE UNDER RULE 24(a)

Each of the Rempel Parties has an interest in this action which warrants his or her intervention.  Fed. R. Civ. P. 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  The standard applicable to motions to intervene is well established.  To intervene in an action, a party must "(1) file a timely motion; (2) claim an interest relating to the property or transaction that is subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." *Berroyer v. United States*, 282 F.R.D. 299, 302 (E.D.N.Y. 2012) (granting Rule 24(a) intervention). *See, e.g., United States v. New York,* 820 F.2d 554, 556 (2d Cir.1987); *Restor-A-Dent Dental Lab., Inc. v. Certified Alloy Prods., Inc.,* 725 F.2d 871, 874 (2d Cir.1984).  When considering a motion to intervene, the court "must accept as true the non-conclusory allegations of the motion." *Reich v. ABC/York-Estes Corp.,* 64 F.3d 316, 321 (7th Cir.1995).  Further "[a] motion to intervene as a matter of right . . . should not be dismissed unless it appears to a certainty that the intervener is not entitled to relief under any set of facts." *Bay Casino, LLC v. M/V Royal Empress*, 199 F.R.D. 464, 467 (E.D.N.Y. 1999) (granting intervention). In general, Rule 24 is construed "liberally in favor of potential interveners." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).  "Courts applying Rule 24 accept as true the non-conclusory allegations of the motion." *Aristocrat Leisure Ltd. v. Deutsche Bank*

3

*Trust Co. Ams.*, 262 F.R.D. 348, 352 (S.D.N.Y. 2009) (granting intervention under Rule 24(a)(2)) (internal quotation marks omitted).

Each of the Rempel Parties satisfies each of the requirements for intervention.

### 1.      The Motion Is Timely

The instant Motion to Intervene is being filed a short time after the Applicant filed its Section 1782 Application on December 2, 2020.  *See* Declaration of Service (ECF 7).  By any standard, this is timely.  *See Arista Records, Inc. v. Dalaba Color Copy Ctr., Inc.*, 2007 WL 749737, at *3 (E.D.N.Y. 2007) ("motion to intervene is timely, as it was filed just five months after the complaint was filed"); *Mortgage Lenders Network, Inc. v. Rosenblum*, 218 F.R.D. 381, 384 (E.D.N.Y. 2003) (intervention timely despite six month delay and exchange of some discovery); *EEOC v. Rekrem, Inc.*, 199 F.R.D. 526, 528 (S.D.N.Y. 2001) (granting intervention when "motion was submitted less than two months after the filing of the . . . complaint . . . given the promptness of the application to intervene and the fact that this lawsuit is still in its nascent phase, the original parties will not be prejudiced by the intervention").

### 2.      Each Of The Rempel Parties Has A Direct Interest In This Proceeding

The interests of the Rempel Parties in this action are not in dispute.  The Section 1782 Application makes clear that Lake Holding seeks discovery from or related to each one of the Rempel Parties.  *See* Section 1782 Application at 8, 24.  Specifically, the Section 1782 Application seeks, as to each of the  Rempel Parties as well as to others, information regarding:

   i.    locating bank accounts;

  ii.    locating assets;

 iii.    locating counterparties and relevant third parties assisting them;

 iv.    locating trading partners;

4

v.      identifying whether have conveyed its or their assets to one or more of the Related Parties (or any other persons or entities) before or during the pendency of the Foreign Proceedings;

vi.     identifying whether one or more of the Related Parties (or any other persons or entities) have succeeded in dealing with counterparties and/or trading partners, or are acting functionally as paying and/or payment agents for the transaction of business before or during the pendency of the Foreign Proceedings;

vii.    identifying whether one or more of the Related Parties (or any other persons or entities) have received assets under circumstances which suggest that they have been controlled and/or dominated by (or conversely controls and/or dominates) one or more of the Related Parties before or during the pendency of the Foreign Proceedings;

viii.   locating the Related Parties' bank accounts or those of any connected persons or entities;

ix.     locating the Related Parties' assets or those of any connected persons or entities;

x.      locating the Related Parties' counterparties or those of any connected persons or entities; and

xi.     locating the Related Parties' trading partners or those of any connected persons or entities.

Lake Holding claims that it will use the Section 1782 discovery in purported pending and/or contemplated collection proceedings against one or more of the Rempel Parties.  Given the confidential and proprietary nature of the information requested, due process will only be satisfied if each of the Rempel Parties is "given the opportunity to intervene and voice an objection to [§1782] discovery request".  *See Gov't of Ghana v. ProEnergy Servs., LLC*, 2011 WL 2652755, at *6 (W.D. Mo. 2011).  Indeed, the Second Circuit has recognized that the parties in the underlying

4828-7239-9322, v. 1

foreign proceedings have standing to participate in §1782 proceedings.  *See e.g. Kuwait Inv. Auth. v. Sarrio S.A. (In re Sarrio, S.A.)*, 119 F.3d 143, 148 (2d Cir. 1997) ("standing to oppose subpoenas issued under § 1782 is [not] limited to the subpoenaed witness. . . . [P]arties [to foreign proceedings] against whom the requested information will be used may have standing to challenge the lawfulness of discovery orders directed to the parties."); *In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870 F.2d 686, 689 (D.C. Cir. 1989) ("a potential target" to foreign proceedings had standing to move to challenge order and quash subpoenas on the basis that "[o]ne against whom information obtained under section 1782 may be used, has standing to assert that, to his detriment, the authority for which the section provides is being abused.").

### 3.    Each Of The Rempel Parties' Interests Will Be Impaired Absent Intervention

Each of the Rempel Interested Parties' due process interests in protecting confidential information and defending themselves in a foreign proceeding—assuming the evidence sought will indeed be used in foreign collection proceedings and not as part of a fishing expedition—will be impaired, absent intervention.

Constitutional due process generally requires notice and "the opportunity to be heard at a meaningful time and in a meaningful manner."  *Matthews v. Eldrigde*, 424 U.S. 319, 333 (1976) (internal quotations omitted).  *Ex parte* proceedings, "untrammeled by the safeguards of a public adversary judicial proceeding, afford too ready opportunities for unhappy consequences to prospective defendants."  *United States v. Minker*, 350 U.S. 179, 188 (1956).  "Stringent restrictions imposed . . . on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."  *Granny Goose Inc. v. Teamsters*, 415 U.S. 423, 435 (1974). Further, Local Civil Rule 6.1(d) <u>requires</u>:

6

No *ex parte* order, or order to show cause to bring on a motion, will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made.

For these reasons, the court in *In re Merck & Co., Inc.*, F.R.D. 267, 271 (M.D.N.C. 2000), refused *ex parte* considerations of a Section 1782 application, observing: "Nothing in Section 1782 states that the application is to be made *ex parte*, much less that the Court must entertain the application *ex parte*.  Moreover, such a reading would seem to be contrary to the purpose of the statute, which is to help promote evenhanded justice and a sense of fair treatment."  *Id*. at 270. *Merck* further noted that, under section 1782, "in absence of any special practice and procedure, the discovery is governed in accordance with the Federal Rules of Civil Procedure.  (Those rules require that opposing parties be notified of discovery requests.)"  *Id*.

### 4. The Interests Of None Of The Rempel Parties Are Adequately Represented By Any Of The Potential Subpoena Targets Or Anyone Else

"The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."  *Trbovich v. UMW*, 404 U.S. 528, n. 5 (1972).  Here, there is no "existing party" to represent the interests of any of the Rempel Parties.  All potential subpoena recipients are third parties not under the control of any of the Rempel Parties.  Absent intervention, the interests of the Rempel Parties would not be represented at all.

## II.   THE COURT SHOULD PERMIT EACH OF THE REMPEL PARTIES TO INTERVENE PURSUANT TO RULE 24(B)

Alternatively, the Rempel Parties move to intervene pursuant to Rule 24(b), which authorizes the court to "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B); *see also Comer v. Cisneros*, 37 F.3d 775, 801 (2d Cir. 1994) (finding intervention proper where intervenors had

7

claims that presented common issues of fact and identical issues of law as those of the original plaintiffs, and intervention would not unduly delay or prejudice the adjudication of the rights of the original parties).  Courts have relied upon Rule 24(b) in granting motions to intervene in 28 U.S.C. § 1782 proceedings.  *See, e.g., In re Grupo Unidos por El Canal S.A.*, No. 14-mc-80277-JST, 2015 WL 1815251, at *6 (N.D. Ca. 2015) (granting motion to intervene in 28 U.S.C. § 1782 proceeding); *In re Application of the Coalition to Protect Clifton Bay*, 2014 WL 5454823, at *2 (S.D.N.Y. 2014) ("parties' ability and standing to intervene can be assumed").

The application of this test warrants each of the Rempel Parties' intervention in this action: *First*, the Rule 24(a) factors warrant intervention as set forth above.  *Second*, similarly, there is no conceivable "undue delay or prejudice" to the Applicant Lake Holding.  *Third*, intervention is justified because "Section 1782(a) mandates that discovery under the statute be produced 'in accordance with the Federal Rules of Civil Procedure.' Accordingly, the court is guided by Rules 26 and 45, which govern third-party discovery."  *In re Gushlak*, 2011 WL 3651268, at *6 (E.D.N.Y. 2011) (citation omitted) *aff'd sub nom. Gushlak v. Gushlak*, 486 F. App'x 215 (2d Cir. 2012).

Here, each of the Rempel Parties and the potential deponents listed in the Section 1782 Application, present common issues of fact and law, and intervention by each of the Rempel Parties' will not improperly delay or prejudice the adjudication of Lake Holding's rights.

## **CONCLUSION**

For the foregoing reasons, each of the Rempel Parties should be granted leave to intervene and file a memorandum of law in opposition to the Section 1782 Application within 20 days of the order granting this motion.

Dated:  New York, New York

   January 29, 2021

          Respectfully submitted,

          **RUBIN, FIORELLA, FRIEDMAN &**
          **MERCANTE LLP**

          By: *_/s/ Michael E. Stern_*
          Michael E. Stern, Esq.
          630 Third Ave., 3rd Floor
          New York, NY 10017
          Phone: 212.953.2381
          Email: mstern@rubinfiorella.com

          *Attorneys for the Rempel Parties*

4828-7239-9322, v. 1