UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE APPLICATION OF                             :
LAKE HOLDING & FINANCE S.A.,

                                       :    **MEMORANDUM AND ORDER**

                  Petitioner.

                                         :    20-MC-652 (RA) (KNF)
-------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

### PROCEDURAL BACKGROUND

On December 2, 2020, petitioner Lake Holding & Finance S.A. made an application for

an order pursuant to 28 U.S.C. § 1782 "to obtain discovery in the form of subpoenas to be served

on certain banks," namely, "UBS AG; Societe Generale / SG Private Bank; Banque Lombard

Odier & Cie AG (aka Lambert Odier Darier Hentsch & Cie); CIM Banque SA; Kookmin Bank

(Korea); Credit Suisse; PJSC Sberbank; Bank of America, N.A.; Citibank, N.A.; Merrill Lynch

Capital Corporation; Union Bancaire Privee CBI-TDB, Geneva; and BSI SA, Lugano,

Switzerland (collectively, the "Banks")."  The subpoenas seek the following "documents located

in the United States and in this Judicial District for use in the following pending and

contemplated foreign proceeding(s)":

    1.  Copies of any orders, instructions or wire transfers received from any person or
         entity (including but not limited to, any payor/transferor bank to a
         payee/transferee bank) for the benefit or credit of, or with any reference to any
         of the following entities and persons (hereinafter, the "Transferees"):
         • Mikhail Belyak
         • Anastasia Belyak
         • Igor Rempel
         • Garri Rempel
         • BTR Build To Rent Group Limited
         • Related Party or Related Parties
         • Cyprus-based Respondents or Respondents
         in which the Bank has acted as either as direct transfer bank or as the
         intermediary or correspondent bank, together with any electronic and/or paper
         records thereof for the period beginning January 1, 2012 to the present.

    2. Copies of any other documents in the possession of the Bank relating to the
Transferees, including all documents to be produced pursuant to the annexed
Order Granting Lake Holding's Section 1782 Application.

The petitioner asserts that it

> intends to use the requested discovery to investigate, locate, and ultimately
> bring proceedings (either in the existing Foreign Proceedings or elsewhere) to
> satisfy the Judgments against the assets of Defendants inside or outside of Cyprus,
> France, and Monaco or in relation to the following entities that Lake Holding
> believes are or were "substantially connected," a fraudulent transferee, or successor
> in interest to, or an alter ego of Defendants.

On December 14, 2020, Mikhail Belyak, Anastasia Belyak, and Margarita Beliak ("the

Belyak parties") made a motion to intervene, pursuant to Rule 24 of the Federal Rules of Civil

Procedure. On January 29, 2021, Igor Rempel, Garri Rempel, Yulia Rempel and Larisa Rempel

("the Rempel parties") made a motion to intervene pursuant to Rule 24 of the Federal Rules of

Civil Procedure. On February 1, 2021, the Court denied the motions to intervene without

prejudice for failure to comply with Local Civil Rule 7.1 of this court. See Docket Entry Nos. 20

and 21. Motions for reconsideration of the Court's February 1, 2021 orders were denied. See

Docket Entry Nos. 25 and 26. On February 8, 2021, the Belyak parties filed their amended

motion to intervene.

    By a letter dated February 10, 2021, the petitioner states, "for the record that, at this

point, Lake Holding takes no position on the Belyak parties' renewed motion to intervene."

Docket Entry No. 29. Notwithstanding its assertion that it "takes no position on the Belyak

parties' renewed motion to intervene," the petitioner "objects to the Belyak parties' filing of the

appellate brief in the pending appeal from the Florida state court judgment enforcement case.

This separate action is pending on its own track, and certainly has no impact on whether Lake

Holding may seek discovery on the Rempel, BTR and related parties set forth in the application."

The petitioner contends:

We also received an inquiry from the Rempel parties' counsel, on Monday, as to whether Lake Holding consents to their intervention, and thus, just want to reiterate that Lake Holding requests that its application be ruled upon at the Court's earliest convenience and that at this point, both the Rempel parties and the Belyak parties have had ample time to submit any opposition as it has been two months since the original date of the petition, filed on December 2, 2020.

On February 10, 2021, the Rempel parties filed a letter "in response to Lake Holding's letter of February 10, 2021, apparently requesting that the Rempel Parties and the Belyak Parties file their substantive opposition to Lake Holding's application." Docket Entry No. 30. The Rempel parties' counsel asserts, "my clients cannot do so until the Court grants the motion to intervene, which was denied without prejudice. In light of Lake Holding's letter and its prior consent to the Belyak Parties' motion to intervene, it is respectfully submitted that the Court should permit the interventions on consent."

### AMENDED MOTION TO INTERVENE DOCKET ENTRY NO. 27

The movants argue that each of them has a right to intervene under Rule 24(a) and the Court should permit each of them to intervene pursuant to Rule 24(b). They assert that: (i) "there is no 'adjudicative' proceeding pending in any of the referenced foreign jurisdictions"; rather, the proceedings at issue "are post-judgment garnishment and enforcement actions that seek the enforcement of a number of judgments entered by a Moscow court in favor of Lake Holding and against Mikhail Belyak, a Russian citizen and Moscow resident (the "Moscow Judgments")"; (ii) the Moscow Judgments "are the subject of two pending Florida state court proceedings brought by Lake Holding over one year before Lake Holding initiated this proceeding, one of which has given rise to a pending Florida appellate court proceeding"; and (iii) "[t]he pendency of these prior parallel state court actions resulting in Florida filings by Lake Holding over a year ago raises a number of jurisdictional and federal issues that must be addressed before the requested §

1782 discovery is allowed." The movants contend that the motion is timely because it was filed only two days after the Court "clarified its ruling denying the initial motion." The interest of each movant is not in dispute because the petitioner seeks discovery from or related to each of the Belyak parties, including locating bank accounts, locating assets, locating trading partners, identifying whether each has conveyed his or her assets to "one or more of the Related Parties," and locating "the Related Parties' bank accounts" and assets. Given the confidential and proprietary nature of the information requested, due process requires that each of the Belyak parties be given an opportunity to intervene and voice an objection to the subpoenas. The Belyak parties assert that their due process interest in protecting confidential information and defending themselves in foreign proceedings will be impaired absent intervention and none of their interests is represented adequately by any of the potential subpoena targets or others. Moreover, the petitioner consents to the Belyak parties' intervention. Alternatively, the Court should permit intervention under Rule 24(b) because no undue delay or prejudice to the petitioner exists and intervention is in accordance with the Federal Rules of Civil Procedure. In support of their motion, the movants submitted a declaration by their attorney with Exhibit 1, "the Initial Brief of Appellant, Mikhail Borisovich Belyak, dated December 7, 2020, which was filed in the Third District Court of Appeal, State of Florida."

**LEGAL STANDARD**

Rule 24 of the Federal Rules of Civil Procedure provides for intervention as follows:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
(b) Permissive Intervention.

(1) *In General.* On timely motion, the court may permit anyone to intervene who:
(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. civ. P. 24(a)-(b).

"In order to intervene as a matter of right under Fed.R.Civ.P. 24(a)(2), an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *New York News, Inc. v. Kheel,* 972 F.2d 482, 485 (2d Cir.1992). "Failure to satisfy *any one* of these requirements is a sufficient ground to deny the application." *Catanzano by Catanzano v. Wing,* 103 F.3d 223, 232 (2d Cir.1996) (quoting *Farmland Dairies v. Comm'r,* 847 F.2d 1038, 1043 (2d Cir.1988)) (internal quotation marks omitted).

In re Bank of New York Derivative Litig., 320 F.3d 291, 300 (2d Cir. 2003).

"Substantially the same factors are considered in determining whether to grant an application for permissive intervention." Id. at n.5.

## APPLICATION OF LEGAL STANDARD

The petitioner does not oppose the motion or assert it is untimely.  The motion was made after the Court denied the movants' motion for reconsideration; thus, it is timely.  Each of the Belyak parties is identified by name in the petition and each movant has a direct interest in this proceeding as the subpoenas seek confidential and proprietary information concerning each movant.  Since each movant has a direct interest in this proceeding, each movant's interest may be impaired by the disposition of the petition, entitling each movant to due process.  See Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976) ("The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner.").  The subpoenas proposed by the petitioner are directed to third parties, not under the control of any of the Belyak parties.  Absent intervention, their interests would not

5

be protected.  The Court finds that the Belyak parties satisfied the elements of intervention as of right and granting their amended motion to intervene is warranted.

### PETITIONER'S LETTER DOCKET ENTRY NO. 29

In its February 10, 2021 letter, the petitioner stated, "for the record that, at this point, Lake Holding takes no position on the Belyak parties' renewed motion to intervene."  Having taken "no position on the Belyak parties' renewed motion to intervene," including not opposing it, the petitioner has waived any objections to the motion; thus, the petitioner's objection "to the Belyak parties' filing of the appellate brief in the pending appeal from the Florida state court judgment enforcement case," Docket Entry No. 29, is overruled.

### THE REMPEL PARTIES' LETTER DOCKET ENTRY NO. 30

After the Court denied the Rempel parties' motion for reconsideration of the Court's February 1, 2021 order, the Rempel parties did not file a motion to intervene.  Instead, they assert in their February 10, 2021 letter, without any legal authority in support, that, "[i]n light of Lake Holding's letter and its prior consent to the Belyak Parties' motion to intervene, it is respectfully submitted that the Court should permit the interventions on consent."  However, despite asserting in its February 10, 2021 letter that "[w]e also received an inquiry from the Rempel parties' counsel, on Monday, as to whether Lake Holding consents to their intervention," the petitioner did not provide its consent to the Rempel parties' intervention.  The Rempel parties do not explain how the petitioner's "prior consent to the Belyak Parties' motion to intervene" is relevant to them.  Moreover, even assuming that the petitioner consented to the Rempel parties' motion to intervene, which it did not, the petitioner's consent, without satisfying each of the elements of intervention as of right, see Peterson v. United States, 41 F.R.D. 131, 135 (D. Minn. 1966) ("Counsel for plaintiffs stated at the hearing that plaintiffs had no objection to the

intervention. But consent of the representatives does not entitle one to intervention as a matter of right"), or permissive intervention, is not sufficient to permit intervention.  Not having made a motion to intervene, the Rempel parties failed to establish that permitting "the intervention on consent" is warranted.

## CONCLUSION

For the foregoing reasons, the Belyak parties' amended motion to intervene, Docket Entry No. 27, is granted.  The petitioner's objection, Docket Entry No. 29, is overruled.  The Rempel parties' request to "permit the intervention on consent," Docket Entry No. 30, is denied. On or before February 23, 2021, the Belyak parties shall serve and file any opposition to the petition.  Any reply may be served and filed on or before March 2, 2021.

Dated:  New York, New York                          SO ORDERED:
       February16, 2021

                                          _Kevin Nathaniel Fox_
                                     KEVIN NATHANIEL FOX
                                     UNITED STATES MAGISTRATE JUDGE

.