```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
IN RE APPLICATION OF                        :
LAKE HOLDING & FINANCE S.A.,
                                            :         MEMORANDUM AND ORDER
                    Petitioner.
                                            :         20-MC-652 (RA) (KNF)
------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## PROCEDURAL BACKGROUND

On December 2, 2020, petitioner Lake Holding & Finance S.A. made an application for an order pursuant to 28 U.S.C. § 1782 "to obtain discovery in the form of subpoenas to be served on certain banks," namely, "UBS AG; Societe Generale / SG Private Bank; Banque Lombard Odier & Cie AG (aka Lambert Odier Darier Hentsch & Cie); CIM Banque SA; Kookmin Bank (Korea); Credit Suisse; PJSC Sberbank; Bank of America, N.A.; Citibank, N.A.; Merrill Lynch Capital Corporation; Union Bancaire Privee CBI-TDB, Geneva; and BSI SA, Lugano, Switzerland (collectively, the "Banks")." The subpoenas seek the following "documents located in the United States and in this Judicial District for use in the following pending and contemplated foreign proceeding(s)":

1. Copies of any orders, instructions or wire transfers received from any person or entity (including but not limited to, any payor/transferor bank to a payee/transferee bank) for the benefit or credit of, or with any reference to any of the following entities and persons (hereinafter, the "Transferees"):
   • Mikhail Belyak
   • Anastasia Belyak
   • Igor Rempel
   • Garri Rempel
   • BTR Build To Rent Group Limited
   • Related Party or Related Parties
   • Cyprus-based Respondents or Respondents
   in which the Bank has acted as either as direct transfer bank or as the intermediary or correspondent bank, together with any electronic and/or paper records thereof for the period beginning January 1, 2012 to the present.

1

2. Copies of any other documents in the possession of the Bank relating to the Transferees, including all documents to be produced pursuant to the annexed Order Granting Lake Holding's Section 1782 Application.

The petitioner asserts that it

intends to use the requested discovery to investigate, locate, and ultimately bring proceedings (either in the existing Foreign Proceedings or elsewhere) to satisfy the Judgments against the assets of Defendants inside or outside of Cyprus, France, and Monaco or in relation to the following entities that Lake Holding believes are or were "substantially connected," a fraudulent transferee, or successor in interest to, or an alter ego of Defendants.

On December 14, 2020, Mikhail Belyak, Anastasia Belyak, and Margarita Beliak ("the Belyak parties") made a motion to intervene, pursuant to Rule 24 of the Federal Rules of Civil Procedure. On January 29, 2021, Igor Rempel, Garri Rempel, Yulia Rempel and Larisa Rempel ("the Rempel parties") made a motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. On February 1, 2021, the Court denied the motions to intervene without prejudice for failure to comply with Local Civil Rule 7.1 of this court. See Docket Entry Nos. 20 and 21. Motions for reconsideration of the Court's February 1, 2021 orders were denied. See Docket Entry Nos. 25 and 26. On February 8, 2021, the Belyak parties filed their amended motion to intervene, which was granted. The Rempel parties' letter-request to "permit the intervention on consent" was denied. Before the Court is the Rempel parties' unopposed amended motion to intervene.

### AMENDED MOTION TO INTERVENE DOCKET ENTRY NO. 32

The movants argue that: (1) the motion is timely; (2) "each Rempel party has a direct interest in this proceeding"; (3) "each Rempel party's interest will be impaired absent intervention"; and (4) "the interests of none of the Rempel parties are adequately represented by any of the potential subpoena targets or anyone else." According to the movants, the instant motion is timely because it is filed a short time after the Section 1782 application was made.

2

The Rempel parties' interests are not in dispute because the Section 1782 makes clear that the petitioner seeks discovery related to each of the Rempel parties, including locating bank accounts, assets, counterparties and relevant third-parties assisting them and trading partners, as well as certain business transactions related to such persons or entities.  Since the petitioner asserts that it will use the Section 1782 discovery in purported pending and contemplated collection proceedings against one of more of the Rempel parties, and in light of the confidential and proprietary nature of the information requested, due process will only be satisfied by granting the instant motion.  Each Rempel party's due process interests in protecting confidential information and defending in a foreign proceeding will be impaired absent intervention.  Moreover, no party exists to represent the interest of any Rempel party.  Alternatively, the Rempel parties move to intervene pursuant to Rule 24(b).  In support of the motion, the movants submitted a declaration by their attorney, stating that the potential subpoena recipients are third parties not in control of any of the Rempel parties.

## LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure provides for intervention as follows:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
(b) Permissive Intervention.
(1) *In General.* On timely motion, the court may permit anyone to intervene who:
(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. civ. P. 24(a)-(b).

> "In order to intervene as a matter of right under Fed.R.Civ.P. 24(a)(2), an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *New York News, Inc. v. Kheel,* 972 F.2d 482, 485 (2d Cir.1992). "Failure to satisfy *any one* of these requirements is a sufficient ground to deny the application." *Catanzano by Catanzano v. Wing,* 103 F.3d 223, 232 (2d Cir.1996) (quoting *Farmland Dairies v. Comm'r,* 847 F.2d 1038, 1043 (2d Cir.1988)) (internal quotation marks omitted).
>
> In re Bank of New York Derivative Litig., 320 F.3d 291, 300 (2d Cir. 2003).

"Substantially the same factors are considered in determining whether to grant an application for permissive intervention." Id. at n.5.

### APPLICATION OF LEGAL STANDARD

The petitioner does not oppose the motion or assert it is untimely.  The motion was made after the Court denied the movants' motion for reconsideration and their letter-request to permit intervention by consent; thus, it is timely.  Each of the Rempel parties is identified by name in the petition and supporting evidence and each movant has a direct interest in this proceeding as the subpoenas seek confidential and proprietary information concerning each movant.  Since each movant has a direct interest in this proceeding, each movant's interest may be impaired by the disposition of the petition, entitling each movant to due process.  See Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976) ("The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner.").  The subpoenas proposed by the petitioner are directed to third parties, not under the control of any of the Rempel parties.  Absent intervention, their interests would not be protected.  The Court finds that the Rempel parties satisfied the elements of intervention as of right and granting their amended motion to intervene is warranted.

## CONCLUSION

For the foregoing reasons, the Rempel's parties' amended motion to intervene, Docket Entry No. 32, is granted. On or before March 18, 2021, the Rempel parties shall serve and file any opposition to the petition. Any reply may be served and filed on or before March 25, 2021.

Dated:  New York, New York  
        March 10, 2021

SO ORDERED:

_____  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE